UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CAROL A. GRIMSLEY, | Civil No. 08-548 (JRT/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| MESSERLI & KRAMER, P.A. and MIDLAND FUNDING LLC, | |
| Defendants. | |

Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER, P.A. and LYONS LAW FIRM P.A.,** 367 Commerce Court, Vadnais Heights, MN 55127; Sam V. Calvert, **CALVERT LAW OFFICE**, 1011 North Second Street #107, St. Cloud, MN 56303, for plaintiffs.

Brad D. Welp, Derrick N. Webber, and Truman W. Schabilion, **MESSERLI & KRAMER, P.A.**, 3033 Campus Drive, Suite 250, Plymouth, MN 55441, for defendants.

Plaintiff Carol A. Grimsley brought this action alleging, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, after defendants Midland Funding LLC ("Midland") and Messerli and Kramer, P.A. ("M&K") (collectively, "defendants") attempted to collect a consumer debt. Defendants now move for summary judgment, arguing that the one-year statute of limitations bars Grimsley's FDCPA claim and that they are entitled to judgment as a matter of law on Grimsley's other claims. For the purposes of this Order, the Court narrowed its review of the summary judgment issues to whether the FDCPA statute of limitations bars Grimsley's

FDCPA claim. For the reasons given below, the Court denies defendants' motion for summary judgment.

## BACKGROUND

In 2004, Grimsley took out an automobile loan from Wells Fargo Financial ("Wells Fargo"). (Grimsley Aff., Docket No. 17, ¶ 2.) Grimsley paid the loan off and received a confirmation letter from Wells Fargo on March 6, 2006. (*Id.*, Ex. 1.) The letter acknowledged receipt of final payment on the loan and stated that the debt was paid in full. (*Id.*) Wells Fargo also sent a card to Grimsley as proof that the lien was released from the motor vehicle. (*Id.*, Ex. 2.)

On or about October 27, 2006, Midland purchased Grimsley's loan from Wells Fargo. (Midland Aff., Docket No. 11, ¶ 2.) On November 7, 2006, Midland sent a demand letter to Grimsley seeking payment of the debt. (*Id.*, Ex. 2.) Midland thereafter placed the Grimsley loan with M&K for collection in January 2007, and on January 25, 2007, M&K also mailed a demand letter to Grimsley. (Weber Aff., Docket No. 12, ¶¶ 2-3, Ex. 1.) Grimsley did not respond immediately to either of these demand letters.

On April 26, 2007, Grimsley contacted M&K by phone and informed M&K that she had paid off the Wells Fargo loan. (*Id.*, ¶ 4.) Grimsley further stated that she would fax to M&K proof of payment of the debt as well as a copy of the lien release that Wells Fargo had earlier provided. (*Id.*; Grimsley Aff., Docket No. 17, ¶ 7.) The parties dispute, however, whether Grimsley followed through on her promise to forward the proof-of-

payment documents to M&K. (Weber Aff., Docket No. 12, ¶ 5; Grimsley Aff., Docket No. 17, ¶ 7.)

M&K served Grimsley with a summons and complaint on July 19, 2007, which alleged that Midland purchased the Wells Fargo loan from Wells Fargo and that Grimsley owed a principal amount of $1,466.26. (Weber Aff., Docket No. 12, Ex. 2.) Grimsley did not answer the complaint within the timelines set forth by the Minnesota Rules of Civil Procedure, (*id.*, ¶ 8), but Grimsley contends that she once again contacted M&K and faxed proof-of-payment documentation and the lien release to M&K. (Grimsley Aff., Docket No. 17, ¶ 7.) Defendants claim that they did not receive this documentation.

On October 18, 2007, M&K sought default judgment against Grimsley, which the state court granted on November 20, 2007. (Weber Aff., Docket No. 12, ¶ 9.) On the same day that the court entered default judgment, Grimsley's attorney contacted M&K and forwarded documentation to M&K proving that the loan had been satisfied. (*Id.*, ¶ 12, Ex. 3.) Upon receipt of those documents, Midland and Grimsley stipulated to vacate the default judgment, which was signed and entered by the state court on December 18, 2007. (*Id.*, ¶ 13.) On February 27, 2008, Grimsley filed a complaint against defendants alleging violations of the FDCPA, credit defamation, invasion of privacy by intrusion on seclusion, malicious prosecution, and abuse of process. (Compl., Docket No. 1.)

Defendants now move for summary judgment on all five counts of the complaint. After filing the motion, defendants further moved for a protective order preventing Grimsley's imminent deposition of Midland's and M&K's 30(b)(6) representatives. Defendants argued that the burden and expense of taking the depositions could prove

futile in light of the instant motion for summary judgment. In a telephonic hearing with the parties, *see* L.R. 7.3(a), the Court concluded that prior to ruling on defendants' motion for a protective order, it would first review the summary judgment issue of whether the FDCPA statute of limitations barred Grimsley's action. Accordingly, defendants withdrew their motion for a protective order and the Court took the matter under advisement.

## DISCUSSION

### I.   STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### II.   THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, the FDCPA prevents "[t]he false representation of . . . the

character, amount, or legal status of any debt," *id.* § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken [in connection with the collection of a debt]," *id.* § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10). The FDCPA also prevents the use of "unfair or unconscionable means to collect or attempt to collect any debt."[1] *Id.* § 1692f.

The FDCPA imposes civil liability on debt collectors who violate its provisions. *Id.* § 1692k. Further, a one-year statute of limitations applies to actions brought pursuant to the FDCPA: "An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." *Id.* § 1692k(d). Thus, to resolve this motion, the Court must determine when the FDCPA violation accrued. *Fraenkel v. Messerli & Kramer, P.A.*, 2004 WL 1765309, at *3 (D. Minn. July 29, 2004).

### A.   Violation of the Fair Debt Collection Practices Act

The violative act at issue is defendants' attempt to collect on a debt that Grimsley previously paid in full. Defendants argue that if there were FDCPA violations, they occurred on November 7, 2006, and January 25, 2007, when Midland and M&K,

---

[1] Grimsley also claims that defendants violated other FDCPA provisions by attempting to collect an amount not "expressly authorized by the agreement creating the debt," 15 U.S.C. § 1692f(1), and by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse," *id.* § 1692d.

respectively, sent demand letters to Grimsley. Because the current action was filed on February 27, 2008, defendants claim that the statute of limitations bars Grimsley's action.

Grimsley argues, however, that defendants' first violation of the FDCPA occurred when defendants sued on the debt in Minnesota state court on July 19, 2007. (Compl., Docket No. 1, ¶ 12; Pl.'s Opp. Mem., Docket No. 16 at 5-6.) The second violation of the FDCPA, according to Grimsley, occurred when defendants ignored Grimsley's proof of payment and sought default judgment on October 18, 2007. (Pl.'s Opp. Mem., Docket No. 16 at 5-6.) Because she brought a claim on February 27, 2008, Grimsley contends that her claims are not time-barred.

In order for the statute of limitations period to commence, there must be a violation of the FDCPA. 15 U.S.C. § 1692k(d). Here, the Court is not persuaded that defendants' demand letters violated the FDCPA because defendants were not aware at the time they mailed the letters that Grimsley had satisfied her Wells Fargo loan obligation. That is, defendants were within their rights as debt collectors to demand payment of what they believed to be the remaining balance on Grimsley's debt. *Id.* § 1692g (discussing initial and subsequent communications regarding the collection of a debt). To claim that these demand letters violated the FDCPA would be to disregard the requirement that such collection communications be false, deceptive, misleading, or unconscionable. *See Id.* §§ 1692e, 1692f.

Grimsley presents an affidavit stating that on several occasions she provided proof to M&K that she had satisfied her loan obligations and that the lien had been released from her motor vehicle. (Grimsley Aff., Docket No. 17, ¶¶ 7, 9.) If a rational trier of fact

concluded that Grimsley had, indeed, faxed or delivered proof of payment to M&K, defendants' filing of a lawsuit on July 17, 2007, would constitute a violation of the FDCPA because it would, among other violations, represent a false characterization of the debt as unpaid, or could be an unconscionable attempt to collect a debt in light of defendants' knowledge that the debt was already paid.

Defendants contend that Grimsley has not presented proof that she faxed the proof of payment to defendants, but defendants ignore Grimsley's affidavit stating the contrary. At summary judgment, the Court will not weigh evidence or make credibility determinations, as those functions are for the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, the Court considers only whether there is a genuine dispute of material fact and draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). As a consequence, the Court cannot draw defendants' suggested inference that if defendants *had* received proof of payment from Grimsley, they would not have filed a lawsuit.[2] (*See* Defs.' Reply Mem., Docket No. 20 at 5.).

---

[2] Defendants state that Grimsley "asks the court to unreasonably infer that Defendants received and ignored the proof of payment for which there is no evidence of transmission or receipt." (Defs.' Reply Mem., Docket No. 20 at 5.) Defendants ignore, however, that Grimsley has submitted her own affidavit, under oath, that she faxed proof of payment to M&K. (Grimsley Aff., Docket No. 17 at ¶¶ 7, 9.) Moreover, the Court cannot conclude that the inference to which defendants refer is at all unreasonable. To do so would require the Court to assume that debt collectors act reasonably and in accordance with the law at all times, which would essentially negate the import of the FDCPA.

### B.     The Summons and Complaint Were Not New Communications About an Old Claim

Defendants also argue that Grimsley's FDCPA claim fell beyond the statute of limitations because the summons and complaint cannot "restart" the statute of limitations. Defendants rely in particular on this Court's holding in *Fraenkel v. Messerli and Kramer, P.A.*, No. Civ. 04-1072, 2004 WL 1765309, at *4 (D. Minn. July 29, 2004). In *Fraenkel*, the Court concluded that a new communication regarding an old claim does not renew the FDCPA statute of limitations. *Id.*; *see also Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1998). The facts in *Fraenkel*, however, are distinguishable from the facts here.

In *Fraenkel*, the defendant sent demand letters to plaintiffs' counsel on December 3 and December 13, 2002, demanding payment of the balance of a debt, plus attorney's fees. *Fraenkel*, 2004 WL 1765309, at *4. Three months later, on March 11, 2003, the defendants filed a complaint seeking payment of the debt and reasonable costs, including attorney's fees. *Id.* On February 27, 2004, the plaintiffs filed suit alleging violations of the FDCPA under 15 U.S.C. § 1692f(1), which prohibits the collection of any fee or charge incidental to the principal obligation "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Fraenkel*, 2004 WL 1765309, at *3 (quoting 15 U.S.C. § 1692f(1)). Specifically, the plaintiffs argued that the defendant's request for attorney's fees violated the FDCPA because the request was not authorized by the plaintiffs' credit agreement with defendants.

The Court held that the plaintiffs' FDCPA claim was barred by the statute of limitations.  In concluding that the complaint was merely a new communication regarding an old claim first raised in the demand letters, the Court held that "[t]he service of the complaint repeated the same information alleged on December 3 and 13." *Id.* at *4.  *Fraenkel* is therefore distinguishable from the instant case because in *Fraenkel*, the plaintiffs alleged that the **original** communications requesting attorney's fees violated the FDCPA.  Here, however, the Midland and M&K demand letters could not have violated the FDCPA as unconscionable or improper attempts to collect a debt[3] because defendants did not know that the debt had already been paid.  If Grimsley informed M&K on April 26, 2007, that the debt was paid and faxed proof of such payment, defendants' next action, filing the lawsuit, would constitute the first FDCPA violation.[4]

Defendants assert that a **plaintiff's** knowledge of the FDCPA violation is the relevant knowledge for determining when a cause of action accrues.  Specifically, defendants contend that because Grimsley knew that Midland and M&K were attempting

---

[3] Grimsley concedes that these initial demand letters did not violate the FDCPA. (Pl.'s Opp. Mem., Docket No. 16 at 8.)

[4] Defendants also argue that because serial or continuing violations do not renew the statute of limitations period for an FDCPA claim, Grimsley's claim is time-barred.  As with its argument that subsequent communications do not restart the statute of limitations period, defendants assume that the initial demand letters violated the FDCPA.  Because the Court has concluded that those letters could not be violative of the FDCPA under Grimsley's allegations, the Court need not address whether and under what circumstances case law permits serial violations to renew the statute of limitations period.  Defendants do not contend that the October 18, 2007, request for default judgment is a "continuing violation" from the initial summons and complaint received on July 19, 2007, although this would presumably be a much stronger argument than contending that the initial summons and complaint was a continuing violation from the demand letters.

in the demand letters to collect a debt that Grimsley knew was satisfied, the statute of limitations commenced when the demand letters were mailed.  (Defs.' Supp. Mem., Docket No. 10 at 10-11 (citing *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992) ("The statute of limitations begins to run . . . when the debt collector mails a letter alleged to violate the FDCPA."))*.); see also Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004); *Flores v. Millenium Interests, Ltd.*, 273 F. Supp. 2d 899, 901 (S.D.Tex. 2003).

The Court does not disagree that a plaintiff's notice of an FDCPA violation is relevant to determining when the statute of limitations commences.  Grimsley could not be on notice of an FDCPA violation, however, until she allegedly communicated to M&K that the obligation had been paid.  *See Kirscher v. Messerli & Kramer, P.A.*, 2006 WL 145162, at *3 (D. Minn. Jan. 18, 2006) ("A violation accrues when the debtor is on 'notice of the misrepresentations and the **unconscionable** debt collection means.'" (emphasis added)) (quoting *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98-0990, 1998 WL 437121, at *3 (S.D.N.Y. Aug. 3, 1998)).

In sum, a factual dispute remains about whether defendants violated the FDCPA in their attempt to collect Grimsley's debt.  It is clear, however, that the demand letters sent by Midland and M&K did not violate the FDCPA, and Grimsley concedes as much in her brief.  (Pl.'s Opp. Mem., Docket No. 16 at 8.)  If there is any FDCPA violation in this case, it occurred after Grimsley allegedly provided documentation to M&K that the debt was paid.  Any subsequent action by M&K in the face of such proof occurred after April 26, 2007, and the statute of limitations therefore does not bar Grimsley from

proceeding with the FDCPA claims. Accordingly, defendants' joint motion for summary judgment on the issue of the FDCPA statute of limitations is denied.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' Joint Motion for Summary Judgment [Docket No. 8] is **DENIED** as to its claims that plaintiff's FDCPA claims are barred by the statute of limitations.

DATED: March 31, 2009                         ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                             United States District Judge